BOARD OF SUPERVISORS OF LEAKE COUNTY *v.* J. L. McFAD-
DEN.

1. FERRY. *Franchise. Prescription.*
   The owner of both banks of a river, who has for thirty years kept a ferry without license from the board of supervisors of the county, has by prescription the absolute property in the franchise.

2. SAME. *Eminent domain. Board of supervisors.*
   The right of eminent domain, by virtue whereof the State may appropriate the franchise to the public use on due compensation, cannot, in the absence of legislative grant, be exercised by the board of supervisors.

3. SAME. *Power of board of supervisors. Roads, bridges and causeways.*
   The franchise is not the kind of property which the board of super-

visors can condemn under the statute authorizing the appropriation of land for public roads, and timber for bridges and causeways.

4. SAME.  *Jurisdiction of the board.  Free ferries.*
   Under the statutory grant of power over ferries, the board of supervisors may license and regulate ferries kept by other persons, but cannot establish a free ferry at the expense of the county.

5. SAME.  *Injunction.*
   The owner of the ferry is entitled to a perpetual injunction by a court of chancery against the execution of the orders of the board of supervisors appropriating his franchise and establishing the free ferry.

ERROR to the Chancery Court of Leake County.

Hon. T. B. GRAHAM, Chancellor.

*G. M. C. Davis*, for the plaintiff in error.

The proceedings of the board of supervisors in the establishment of roads, ferries, and bridges, are judicial in their nature, and stand until reversed.  *Yalobusha County* v. *Carbry*, 3 S. & M. 529; *Carroll* v. *Board of Police*, 28 Miss. 38. Suing out the injunction is a waiver of all errors.  Code 1871, § 1047; *Bustamente* v. *Bescher*, 43 Miss. 172.  The defendant in error has no franchise by prescription.  Under the English law it may originate in that way, but in America it can be created only by a grant from the government.  Burrill's Law Dic., title Franchise.  In law, it is as though no ferry existed. The fact that the defendant in error owns both banks of the river confers upon him no right to the ferry.  The board of supervisors has power to establish a free ferry at the county expense.  By the State Constitution, art. 6, § 20, a distinction is drawn between the power of the board over roads, ferries, bridges and elections, and its " other duties."  The former is given by the Constitution to which we look for the authority; the latter is conferred by statute.  The power over ferries can be exercised without regard to the statute, and embraces their establishment as well as regulation, and free public ferries as well as private ones.  The statutes, however, confer full powers.  Code 1871, §§ 1363, 1369, 2339, 2344, 2379; *Allgood* v. *Hill*, 54 Miss. 666.  It is inconceivable that the defendant should have acquired by legislative action or inaction the power to obstruct the passage of a river although resulting

in inconvenience to the public, and a restriction of the powers of the board of supervisors.

*Raymond Reid*, for the defendant in error.

The orders of the board of supervisors were beyond its powers. They were an attempted exercise of the power of eminent domain which resides in the State, and can be exercised by no tribunal unauthorized by the legislature. Mills on Eminent Domain, 2. They are the appropriation of the defendant's franchise, acquired by prescription. No law confers this power upon the board in connection with ferries. Const., art. 6, § 20, does not, for it is held in *Allgood* v. *Hill*, 54 Miss. 666, that this section confers jurisdiction on the board in the same manner that the sixteenth section of the same article confers it upon Chancery Courts. The power is not granted by Code 1871, § 2379, which merely enables the board to give legal authority to the ferry, as the king did in England at common law; and, as an attempt to confer the power of eminent domain, the statute, failing to provide for compensation, is unconstitutional. *Pearson* v. *Johnson*, 54 Miss. 259. The statute (Code 1871, §§ 2339, 2377) which authorizes the taking of certain kinds of property in certain cases, is not applicable to this case. The power of eminent domain will not be considered as delegated, unless expressly conferred. Mills on Eminent Domain, 48, 95, 96, 105; *Sykes* v. *Mayor*, 55 Miss. 115. The board cannot establish the ferry at the public expense. No claim can be paid out of the county treasury when there is no law for it. To prevent this continuing trespass, an injunction was the appropriate remedy. 2 Story Eq. Jur. §§ 862, 927, 955; High on Injunctions, §§ 761, 770, 794, 801; *Penrice* v. *Wallis*, 37 Miss. 172.

GEORGE, C. J., delivered the opinion of the court.

The board of supervisors of Leake County, made certain orders for the establishment at the expense of the county of a ferry over Pearl River, free to all the citizens of that county. These orders directed the appropriation for this free ferry of a ferry franchise, owned by the defendant in error, and for that purpose directed the sheriff of the county to summon an inquest to assess the damages which

the defendant in error might sustain by reason of the appropriation of his property by the county. The defendant in error sued out an injunction against the execution of these orders of the board of supervisors, which, on final hearing, was made perpetual by the Chancellor. It appeared at the trial that the defendant in error was the owner of both banks of the river, and that he had held and used the franchise of a public ferry for thirty years; that the public road leading to his ferry, on both sides of the river, had been established thirty years ; and that the proposition of the board of · supervisors was to establish a free ferry on the precise spot occupied by his ferry.

We think the Chancellor did right in enjoining the establishment of a free ferry. The defendant in error had enjoyed the franchise of keeping a ferry for thirty years, as his property, without license from the board of supervisors. His franchise had thus become by prescription his absolute property, of which he could not be deprived except by due course of law. It is true that it is within the right of eminent domain residing in the State to appropriate this franchise to the public use by paying the defendant in error the value thereof, but the power to exercise the right has not been granted by the legislature to the board of supervisors. The board may order the appropriation of land for public roads, and also timber for building or repairing bridges and causeways, but this franchise of the defendant in error is not land or timber, and hence is not within the statute authorizing the appropriation of these kinds of property. The right of the board to appropriate the franchise is defective on another ground. There is no statute authorizing the board of supervisors to use the money of the county to establish a free ferry. The power granted by the statute to the board of supervisors over ferries is to license and regulate ferries kept by other persons, not to establish them at the expense of the county.

*Decree affirmed.*